**A. Louise DALY, Executrix of the Estate of Donald A. Daly, Deceased, Plaintiff-Appellant,**

**v.**

**McNEIL LABORATORIES, INC., et al., Defendants-Appellees.**

No. 74–1654.

United States Court of Appeals, Sixth Circuit.

Jan. 21, 1975.

Walter Bortz, Beall, Hermanies & Bortz, Cincinnati, Ohio, for plaintiff-appellant.

Ralph F. Mitchell, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, T. E. Jenks, Robert Alexander, Young & Alexander, Dayton, Ohio, William H. Thornburgh, Curtner, Selva, Parkin & Seller, Dayton, Ohio, Beall, Hermanies & Bortz, George F. Gore, III, Cleveland, Ohio, David C.

**618**

Greer, Bieser, Greer & Landis, Dayton, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant, A. Louise Daly, Executrix of the estate of her deceased husband, Donald A. Daly, appeals from a judgment entered on a jury verdict for the defendants, in her diversity action in the District Court, wherein she sought damages for his pain and suffering and for his wrongful death. The defendants are McNeil Laboratories, Inc. (the manufacturer of an anesthetic called "Innovar"), Doctor Joseph C. Brown, an anesthesiologist, and Doctor Richard J. Dobies, an ophthalmologist.

On August 6, 1970 Donald Daly was operated on in Kettering Memorial Hospital in Dayton, Ohio, for removal of a cataract in his right eye. The anesthesiologist administered Innovar as an anesthetic agent. During the course of the surgery Mr. Daly suffered a cardiac arrest and consequent brain damage; he died on August 21, 1970.

The suit charged that McNeil Laboratories failed to adequately warn and advise the users of the drug regarding its effects, possible adverse reactions, and counteracting drugs in case of adverse effects. The alleged negligence of the two doctors was based on their selection of Innovar, and on their efforts to resuscitate Daly after his cardiac arrest.

On appeal Mrs. Daly contends that the Court erred in permitting the two doctors and their experts to testify concerning their experience with Innovar both before and after the operation, while restricting her to offering evidence of experiences, events and adverse reactions with the drug only prior to the operation.

 The trouble with this contention is that no objection was made to the questions on this subject addressed to the two doctors and their experts. The liability of the defendants with respect to the use of the drug could be measured only by their knowledge of its characteristics obtained prior to the operation and not on after-acquired knowledge.

In our opinion the factual issues were sharply in dispute and were fairly submitted to the jury.

We find no prejudicial error in the admission or rejection of evidence, in the conduct of the trial, or in the instructions to the jury.

The judgment of the District Court is therefore affirmed.